UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK A. STILLER,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C17-189-RAJ-JPD

REPORT AND RECOMMENDATION

Plaintiff Mark Stiller is a Washington State prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. On February 8, 2017, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) The claims asserted in the complaint challenged various aspects of the Whatcom County Superior Court criminal proceedings which resulted in plaintiff's current confinement. (*See* 1-1 at 3-4.) Plaintiff identified the State of Washington, the judge who apparently presided over his criminal trial, the attorney who prosecuted him, and the attorney who represented him in his criminal proceedings as defendants in this action. (*See id.* at 1-3.) Plaintiff requested relief in the form of an order overturning his sentence or granting him a retrial. (*See id.* at 5.)

REPORT AND RECOMMENDATION - 1

On March 7, 2017, the Court granted plaintiff's application to proceed *in forma pauperis* and his complaint was filed. (Dkts. 5 and 6.) On the same date, the Court issued an Order directing plaintiff to show cause why his complaint should not be dismissed as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). (Dkt. 7.) The Court explained that in *Heck*, the United States Supreme Court held that a claim brought under § 1983 which calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck*, 512 U.S. at 489).) The Court noted that plaintiff's complaint appeared to constitute a challenge to the lawfulness of his conviction and his current confinement, and that he had made no showing that his conviction had been invalidated in any fashion. (*Id*.) Thus, the Court concluded, plaintiff's claims were likely not cognizable in this action and the action was therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). (*Id*.)

Plaintiff was directed to respond to the Order to Show Cause not later than thirty days from the date on which the Order was signed, and he was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*.) To date, plaintiff has not responded to the Order to Show Cause. As plaintiff has made no showing that his claims are cognizable in this civil rights action, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 17, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.

REPORT AND RECOMMENDATION - 2

Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 19, 2017.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 26th day of April, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3